UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JACQUELINE WHITFIELD**                                   **CIVIL ACTION**

**VERSUS**                                                 **CASE NO. 24-806**

**PERE ANTOINE, LLC**                                      **SECTION: "G"**

### ORDER AND REASONS

This litigation involves an employment discrimination dispute.[1] Before the Court is Defendant Pere Antoine, LLC's ("Defendant") Motion for Partial Summary Judgment.[2] Defendant moves for partial summary judgment on Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, arguing that Plaintiff failed to timely file suit following receipt of the Notice of the Right to Sue from the Equal Employment Opportunity Commission ("EEOC").[3] In opposition Plaintiff Jacqueline Whitfield ("Plaintiff") contends that she experienced technical difficulties in viewing the Notice of the Right to Sue, and Defendant's motion is premature as the parties have not had an opportunity for discovery.[4] For the reasons stated herein, Plaintiff has established specific reasons why she cannot present essential facts to justify her opposition to Defendant's motion at this time. Considering the motion, the opposition, the reply memorandum, the record, and the applicable law, the Court denies the motion as premature.

---

[1] See Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] *Id.*

[4] Rec. Doc. 13.

## I. Background

Defendant operates a restaurant located at 741 Royal Street, New Orleans, Louisiana 70116.[5] In December 2021, Plaintiff applied for employment with Defendant as a server.[6] The complaint states that in Plaintiff's cover letter she indicated that she was only available for night shifts due to a medical diagnosis.[7] Plaintiff states that was diagnosed with Delayed Sleep Phase Disorder.[8] Plaintiff was hired and began working for Defendant on December 15, 2021.[9]

The complaint states that shortly after Plaintiff commenced her employment with Defendant, a new night manager was hired, Michael Hughes ("Hughes").[10] In January 2022, Plaintiff alleges that she witnessed Hughes discriminate against a transgender co-employee, which Plaintiff reported to another manager.[11] Plaintiff alleges that she began suffering a hostile work environment in retaliation from reporting Hughes.[12] Plaintiff alleges that she began averaging only one table at a time while other co-employees were allowed to work multiple tables at a time.[13]

---

[5] Rec. Doc. 1 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.*

On or about February 4, 2022, Plaintiff alleges that Hughes asked her if he could stay at her apartment for two weeks during Mardi Gras, which Plaintiff refused.[14] Thereafter, Plaintiff states that Hughes referred to her as "difficult" to another manager.[15]

On February 11, 2022, Plaintiff alleges that she injured her ankle by accidently stepping into a hole in the kitchen floor.[16] Plaintiff states that she reported this incident to Hughes.[17] Plaintiff contends that Hughes falsely stated that the injury occurred at home and refused to file an accident report.[18]

After returning the work on March 15, 2022, Plaintiff alleges that she was scheduled for daytime shifts, despite her medical condition, and she was assigned tables furthest away from the kitchen, despite the injury to her ankle.[19]

On March 20, 2022, Plaintiff states that she received a call from April Hartman, the Human Resource Manager, to discuss a negative online review regarding Hughes.[20] Thereafter, Plaintiff alleges that Hughes accused Plaintiff of actions and arguments that never occurred.[21]

On or about March 30, 2022, Plaintiff was terminated based upon accusations of racial harassment towards an African American co-employee, which Plaintiff denies.[22]

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 5.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 6.

[20] *Id.*

[21] *Id.* at 7.

[22] *Id.* at 8.

On or about December 28, 2022, Plaintiff submitted a charge against Defendant with the EEOC alleging discrimination.[23] On December 7, 2023, the EEOC issued a Notice of Right to Sue.[24]

On March 29, 2024, Plaintiff filed a complaint against Defendant in this Court.[25] Plaintiff, a Caucasian woman, alleges that she suffered reverse racial discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981), disability discrimination pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 120101, *et seq*.) ("ADA"), and discrimination in pay pursuant to the Equal Pay Act (29 U.S.C. § 2016(d), *et seq*.).[26]

On May 30, 2024, Defendant filed the instant motion for partial summary judgment.[27] On July 2, 2024, Plaintiff filed an opposition to the motion.[28] On July 8, 2024, Defendant filed a reply memorandum in further support of the motion.[29]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion*

Defendant moves for partial summary judgment on Plaintiff's claims under Title VII and the ADA.[30] First, Defendant argues that Plaintiff failed to timely file suit following receipt of the

---

[23] *Id.* at 26–27.

[24] Rec. Doc. 1-3.

[25] Rec. Doc. 1.

[26] *Id.* at 10–11.

[27] Rec. Doc. 6.

[28] Rec. Doc. 13.

[29] Rec. Doc. 14.

[30] Rec. Doc. 6 at 1.

4

Notice of the Right to Sue from the EEOC.[31] Defendant contends that the law is clear that suit must be filed within 90 days of receiving Notice of the Right to Sue.[32] Defendant states that Plaintiff filed suit 113 days after receiving said Notice, which was issued to counsel of record on Plaintiff's request.[33]

While Plaintiff asserts that she did not receive Notice of the Right to Sue until March 28, 2024, Defendant contends that the certified EEOC Investigative File indicates that Plaintiff and her legal representative both received and downloaded the Notice of the Right to Sue on December 7, 2023.[34] Even without evidence of receipt, Defendant argues that the Fifth Circuit has found that the Court must presume that a Right to Sue letter is received within a range of three to five days from the date the letter was issued.[35]

Defendant states that the Notice of Right to Sue was uploaded into the EEOC's portal and contemporaneously sent via email, and the 90 days began to run from the moment the document was uploaded.[36] Defendant contends that it cannot be disputed that the parties all received electronic notice from the EEOC on December 7, 2023.[37] Even if the Court applies the most generous presumption that Plaintiff received Notice of the Right to Sue five days later, Defendant

---

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] Rec. Doc. 6-1 at 5.

[35] *Id.* at 6 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).

[36] *Id.*

[37] *Id.* at 7.

argues that the 90-day limit would have lapsed on March 12, 2024.[38] Defendant asserts that Plaintiff filed her lawsuit on March 29, 2024, which is untimely.[39]

Second, Defendant argues that Plaintiff cannot maintain a claim for hostile work environment or retaliation pursuant to Section 1981 for allegations that do not relate to race.[40] While Plaintiff alleges that she belongs to protected classes based on her race, sex, and disability, Defendant contends that relief under Section 1981 is only available as a remedy for race discrimination.[41] Defendant asserts that Plaintiff's allegations regarding sex, disability, or an on-the-job injury are not covered by Section 1981 and should be dismissed with prejudice.[42]

Third, Defendant argues that Plaintiff's hostile work environment and retaliation claims regarding Hughes' alleged discrimination of a transgender employee, Natalie Payne ("Payne"), are not protected by Section 1981 and should be dismissed.[43] Defendant contends that Plaintiff's alleged opposition relating to Payne's status as a transgender woman does not reference race, color, or any other characteristic protected under Section 1981.[44] Defendant avers that Plaintiff's claim related to said allegations must be dismissed.[45]

Fourth, Defendant argues that Plaintiff's hostile work environment and retaliation claims related to allegations that Hughes requested to stay at Plaintiff's apartment are not protected by

---

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 8.

[43] *Id.*

[44] *Id.*

[45] *Id.*

Section 1981 and should be dismissed.[46] Defendant contends that, read in conjunction with Plaintiff's assertions that she is a member of a protected class based on her classification as a female, this claim under Title VII and Section 1981 for hostile work environment is the equivalent to a claim for sex discrimination/sexual harassment.[47] Defendant states that Section 1981 prohibits only race discrimination, not sex discrimination.[48] Defendant avers that Plaintiff's claims of a hostile work environment and retaliation under Section 1981 should be dismissed with prejudice to the extent that they rely on Plaintiff's sex.[49]

Fifth, Defendant argues that Plaintiff's hostile work environment claims and allegations that Hughes retaliated against her because of Plaintiff's on-the-job injury are not protected by Section 1981 and should be dismissed.[50] Defendant avers that none of these allegations relate to race and do not give rise to a hostile work environment and retaliation claim under Section 1981.[51]

Sixth, Defendant argues that Plaintiff's allegations that Hughes retaliated against her because of Plaintiff's alleged disability is not protected by Section 1981 and should be dismissed.[52] Defendant avers that none of these allegations relate to race and do not form a cognizable cause of action to support a hostile work environment or retaliation claim under Section 1981.[53]

---

[46] *Id.* at 9.

[47] *Id.*

[48] *Id.* (citing *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981).

[49] *Id.*

[50] *Id.*

[51] *Id.* at 10.

[52] *Id.*

[53] *Id.*

B.  *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff states that neither she nor her attorney were able to access the Notice of Right to Sue on December 7, 2023, due to technical difficulties using the EEOC portal.[54] Plaintiff argues that the presumption of receipt referenced by Defendant is rebuttable.[55] Plaintiff references emails to the EEOC investigator in September 2023, wherein Plaintiff expressed difficulty accessing the EEOC portal.[56] Plaintiff states that on December 7, 2023, Plaintiff's counsel again had difficulty while attempting to upload a letter requesting Plaintiff's Notice of Right to Sue to the EEOC portal.[57] Plaintiff avers that the attached exhibits evidence Plaintiff's technical difficulties accessing the documents within the EEOC portal.[58]

Plaintiff contends that on March 28, 2024, Plaintiff's counsel logged into the EEOC portal and noticed the charge was closed, which prompted him to email the EEOC investigator.[59] Plaintiff states that the EEOC investigator then responded with a copy of Plaintiff's Notice of Right to Sue letter, and Plaintiff filed suit the next day.[60] Plaintiff asserts that the EEOC portal regularly experiences problems related to accessing and downloading documents, referencing a notice on the EEOC portal on June 11, 2024.[61]

---

[54] *Id.* at 2.

[55] Rec. Doc. 13 at 1.

[56] *Id.* at 3.

[57] *Id.*

[58] *Id.* at 4.

[59] *Id.*

[60] *Id.*

[61] *Id.* at 5.

Plaintiff distinguishes the instant matter from *Lax v. Mayorkas*,[62] wherein the Seventh Circuit concluded that although the plaintiff was unable to open the attached document, "he read the body of the email, which clearly indicated that his final agency decision was attached" and thus, plaintiff "knew at that time that what he had received was the final agency decision."[63] Plaintiff argues that she could not determine from the body of the email that the Notice of Right to Sue letter was attached.[64] Plaintiff avers that the issues were of no fault of her own, rather there were technical problems with the EEOC portal.[65]

Alternatively, Plaintiff argues that the evidence demonstrates genuine issues of material fact regarding whether the doctrine of equitable tolling should be applied to Plaintiff's claims.[66] Plaintiff contends that the evidence establishes a dispute of material fact regarding whether the EEOC provided adequate notice.[67]

Plaintiff avers that this Court should defer ruling on Defendant's motion until additional discovery related to technical difficulties within the portal can be conducted.[68] Plaintiff asserts that she has not propounded discovery to the EEOC regarding technical issues using the portal.[69]

---

[62] 20 F.4th 1178 (7th Cir. 2021).

[63] *Id.* at 1182–83.

[64] Rec. Doc 13 at 8–9.

[65] *Id.* at 9.

[66] *Id.* at 11.

[67] *Id.*

[68] *Id.* at 12.

[69] *Id.*

Plaintiff argues that Defendant erroneously believes that Plaintiff is attempting to assert claims under Section 1981 for non-racial discrimination.[70] Plaintiff concedes that Section 1981 does not cover discrimination claims unrelated to race.[71] Plaintiff states that she is asserting Section 1981 violations solely for two causes of action, hostile work environment and racial discrimination.[72]

Plaintiff argues that Defendant's motion for partial summary judgment is procedurally improper at this stage because a motion for summary judgment is inappropriate before the completion of the discovery process.[73] Plaintiff avers that Defendant's motion should be denied as premature.[74]

Alternatively, Plaintiff contends that she should be granted the opportunity to amend the complaint to address any deficiencies identified by the Court.[75]

### C.  *Defendant's Arguments in Further Support of the Motion*

Defendant argues that there is no genuine of material fact regarding the date upon which Plaintiff received the Notice of Right to Sue.[76] Defendant contends that inaccessibility to the EEOC portal does not toll the 90-day period to file suit, nor does it constitute an extraordinary

---

[70] *Id.* at 12–13.

[71] *Id.* at 13.

[72] *Id.*

[73] *Id.*

[74] *Id.*

[75] *Id.*

[76] Rec. Doc. 14 at 1.

10

circumstance that prevented Plaintiff from obtaining information from the EEOC regarding the content of the email notification.[77]

Defendant contends that many courts within the Fifth Circuit have held that the 90-day period for filing suit commences when the document is posted to the portal.[78] Defendant avers that there are no facts in dispute.[79] Defendant asserts that Plaintiff received the Notice of Right to Sue on December 7, 2023, triggering the 90-day period to file suit.[80]

Defendant argues that equitable tolling does not apply to Plaintiff's claims.[81] While Plaintiff states that she could not access the documents in the portal, Defendant contends that these technical issues did not prevent Plaintiff or Plaintiff's counsel from accessing the document through other means.[82] Defendant avers that these circumstances do not fit within the narrow exceptions for equitable tolling under Fifth Circuit precedent.[83] Defendant asserts that Plaintiff must prove that the EEOC misled her about her rights.[84] Defendant argues that Plaintiff has failed to demonstrate requisite diligence to support an application of equitable tolling.[85] Defendant avers that after receiving email notification on December 7, 2023, Plaintiff's attorney did not follow up with the EEOC investigator until March 28, 2024.[86]

---

[77] *Id.*

[78] *Id.* at 2.

[79] *Id.*

[80] *Id.* at 4.

[81] *Id.*

[82] *Id.*

[83] *Id.*

[84] *Id.* at 5.

[85] *Id.* at 6.

[86] *Id.* at 6–7.

Defendant argues that summary judgment is not premature, and the applicability of equitable tolling can be resolved at the summary judgment stage if the defendant can show that the limitations period ran and that the plaintiff's claims for equitable tolling fail as a matter of law.[87] Defendant requests that the Court grants its motion for partial summary judgment.[88]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[89] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[90] All reasonable inferences are drawn in favor of the nonmoving party.[91] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[92] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[93] The nonmoving party may not rest upon the pleadings.[94] Instead, the nonmoving

---

[87] *Id.* at 10.

[88] *Id.*

[89] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[90] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[91] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[92] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[93] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[94] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[95]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[96] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[97] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[98] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[99]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[100] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[101]

---

[95] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[96] *Celotex Corp.*, 477 U.S. at 323.

[97] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[98] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[99] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[100] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[101] *Morris*, 144 F.3d at 380.

## VI. Analysis

Defendant seeks partial summary judgment arguing that (1) Plaintiff's Title VII and the ADA claims are untimely because the complaint was filed more than 90 days after receipt of Notice of the Right to Sue; and (2) Plaintiff cannot maintain a claim for hostile work environment or retaliation pursuant to Section 1981 based on allegations that do not relate to race.[102]

In opposition, Plaintiff asserts that there are genuine issues of material fact in dispute as to when she received Notice of the Right to Sue, and the doctrine of equitable tolling should be applied.[103] Plaintiff asserts that Defendant's arguments related to Plaintiff's claims under Section 1981 are misplaced as Plaintiff's Section 1981 claims are based only on race.[104] Plaintiff contends Defendant's motion for partial summary judgment is premature as the parties have not had an opportunity for discovery.[105]

Under both Title VII and the ADA, a plaintiff must file suit within 90 days of receiving the Notice of Right to Sue from the EEOC.[106] "[C]ommencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant."[107] The Fifth Circuit has recognized that "when the date that the letter is actually received is unknown or is in dispute, we will, like other courts, presume that the letter was received within three to seven days after it was mailed[.]"[108]

---

[102] Rec. Doc. 6.

[103] Rec. Doc. 13.

[104] *Id.* at 12–13.

[105] *Id.* at 12.

[106] *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (applying Title VII's limitations period to ADA claims).

[107] *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004).

[108] *Id.* at 612–13.

14

In *Lax v. Mayorkas*, the plaintiff received an email informing him that a final decision had been reached by the EEOC, but due to technical errors he was unable to open the attachment.[109] The district court dismissed the plaintiff's case because he filed suit 91 days after receiving the Notice of the Right to Sue.[110] On appeal, "[t]he determinative issue" was "whether [the plaintiff's] mere receipt of the email commence[d] the filing window, or whether he must have opened and read the attachment to that email to commence the filing window."[111] The Seventh Circuit concluded that the plaintiff's claim was not timely filed, reasoning that the plaintiff conceded that "he read the body of the email, which clearly indicated that his final agency decision was attached."[112] Accordingly, the court concluded that the plaintiff received adequate notice on the date the email was sent, because the plaintiff "knew at that time (without needing to open the attachment) that what he had received was the final agency decision."[113]

In this case, the email Plaintiff and her counsel received on December 7, 2023 stated: "A new document was added to EEOC Charge No. 461-2023-00584, Ms. Jacqueline Whitfield v. PERE ANTOINE RESTAURANT. To view it, sign-in to the EEOC Public Portal."[114] Unlike *Lax*, the email did not give Plaintiff notice of the contents of the letter, she only had notice that a document was uploaded. According to Plaintiff's counsel's affidavit, technical problems with the

---

[109] 20 F.4th 1178, 1181–83 (7th Cir. 2021).

[110] *Id.* at 1180.

[111] *Id.* at 1182.

[112] *Id.* at 1182–83.

[113] *Id.* at 1183.

[114] Rec. Doc. 13-4.

EEOC portal prevented both he and Plaintiff from viewing the document that was uploaded on December 7, 2023.[115]

Defendant cites *Paniconi v. Abington Hosp.-Jefferson Health,* an Eastern District of Pennsylvania case, holding that the 90-day period began to run on the date the email was received from the EEOC, not when the letter was downloaded from the EEOC portal.[116] The court found that "[w]hen the actual date of receipt is known, that date controls."[117] *Paniconi* is factually distinguishable because there the plaintiff and her attorney voluntarily did not access the Notice of the Right to Sue for several days, whereas here Plaintiff claims she and her attorney were unable to access the Notice due to a problem with the EEOC portal. Additional discovery is needed on the steps Plaintiff and/or her counsel took to view the document and the length of time that the document was inaccessible to Plaintiff and her counsel.

The deadline for filing is not a jurisdictional requirement, and the limitation statute is subject to estoppel and equitable tolling.[118] "A defendant is equitably estopped from asserting that a claim is time-barred where its conduct induced a plaintiff to refrain from exercising its rights. 'Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act.'"[119] However, these equitable doctrines "are to be applied sparingly."[120] The plaintiff bears the burden of demonstrating entitlement to tolling or estoppel.[121]

---

[115] Rec. Doc. 13-2.

[116] *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290, 292 (E.D. Pa. 2022)

[117] *Id.* at 293 (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)).

[118] *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992) (citing *Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

[119] *Id.* (quoting *Amburgey v. Cohart Refractories Corp.*, 936 F.2d 805, 810 n. 14 (5th Cir. 1991)).

[120] *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[121] *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) (internal citations omitted).

The Fifth Circuit has articulated three potential bases for equitable tolling in employment discrimination cases: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights."[122] However, this list is not exhaustive, and the Fifth Circuit has opined that there may be other bases that warrant equitable tolling.[123]

Plaintiff presents evidence showing that her counsel requested the Notice from the EEOC investigator on December 7, 2023, but the EEOC investigator never responded to that email.[124] That same day, Plaintiff and her counsel received the automated email from the EEOC stating: "A new document was added to EEOC Charge No. 461-2023-00584, Ms. Jacqueline Whitfield v. PERE ANTOINE RESTAURANT. To view it, sign-in to the EEOC Public Portal."[125] According to Plaintiff's counsel's affidavit, technical problems with the EEOC portal prevented both Plaintiff and him from viewing the document that was uploaded on December 7, 2023.[126] Additional discovery is needed on the alleged technical difficulties within the EEOC portal and whether the EEOC acted in a manner that mislead Plaintiff about the nature of her rights.

"[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature."[127] Beyond the court's discretionary power, Rule 56(d) of the Federal Rules of Civil

---

[122] *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 380 (5th Cir. 2019) (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). *See also Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003) (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988)).

[123] *Melgar.*, 931 F.3d at 381 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)).

[124] Rec. Doc. 13-7.

[125] Rec. Doc. 13-4.

[126] Rec. Doc. 13-2.

[127] *Sewell v. Sewerage & Water Bd. of New Orleans*, 697 F. App'x 288, 291 (5th Cir. 2017); *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016); *see* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717 (4th ed. 2020) ("Deferring a motion is a particularly appropriate step for the court to take if it

17

Procedure specifically provides that a court may deny a motion for summary judgment when it is deemed premature. Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.[128]

Plaintiff argues that she has not had a sufficient opportunity to discover information to craft her opposition to Defendant's motion for partial summary judgment. Specifically, Plaintiff contends that additional discovery would reveal evidence related to the alleged technical difficulties within the EEOC portal, and thus, will establish a genuine dispute of material fact regarding when Plaintiff received Notice of the Right to Sue.[129] According to the Scheduling Order, the parties have until June 2, 2025 to conduct and complete discovery, and until June 25, 2025 to file non-evidentiary pre-trial motions.[130] Thus, Defendant filed the instant motion for partial summary judgment approximately one year before the close of discovery.[131] Under these circumstances, Plaintiff has established specific reasons why she cannot present essential facts to justify her opposition to Defendant's motion at this time. Therefore, the Court will afford Plaintiff

---

believes that the summary judgment request is premature.").

[128] Fed. R. Civ. P. 56(d).

[129] Rec. Doc. 13 at 12.

[130] Rec. Doc. 15.

[131] *See Anderson v. McClendon*, No. 5:18-CV-118-KS-MTP, 2019 WL 1371852, at *3 (S.D. Miss. Mar. 26, 2019) (denying motion for summary judgment as premature where there was "still over four months left in the discovery period"), *and Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 611-12 (M.D. La. 2016) (denying as premature a motion for summary judgment that was filed prior to the commencement of formal discovery), *and Maldonado v. McHugh*, No. EP-11-CV-388, 2012 WL 3292419, at *6-7 (W.D. Tex. Aug. 10, 2012) (denying as premature a motion for summary judgment that was filed seven months prior to the close of discovery and eight and a half months before the court's deadline for dispositive motions).

the opportunity to complete discovery in accordance with the provisions of the controlling Scheduling Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment is **DENIED** as premature.

**NEW ORLEANS, LOUISIANA**, this 30th day of September, 2024.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**