**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JACQUELINE WHITFIELD,** | * | **CASE NO. 2:24-cv-00806-NJB-DPC** |
| **Plaintiff,** | * | |
| **VERSUS** | * | **JUDGE NANNETTE JOLIVETTE BROWN** |
| **PERE ANTOINE, INC.,** | * | |
| **Defendant.** | * | **MAGISTRATE DONNA PHILLIPS CURRAULT** |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS FOR ATTORNEY'S FEES AND SANCTIONS**

Defendant, Pere Antoine, Inc. (PA), submits this Reply Memorandum in Support of its Motions for Attorney's Fees and Sanctions[1] to respond to Christopher Minias's (Minias) opposition entitled "Plaintiff's Omnibus Memorandum in Opposition to Defendant's Motions for Attorney's Fees and Sanction"[2] and to Plaintiff Jackie Whitfield's (Whitfield) Pro Se filings.[3]

**I. The Submission of the July 1, 2025, Whitfield Declaration warrants sanctions.**

Nothing filed by Minias changes the inescapable conclusion that he signed and submitted a sham declaration dated July 1, 2025 (July Declaration) on behalf of Whitfield. The July Declaration clearly contradicted Whitfield's sworn testimony, Minias's Stipulation, and the records from the EEOC – regardless of whether Whitfield authorized Minias to affix her signature. This was a desperate, intentional act that reeks of bad faith, which cannot be overlooked.

Whitfield and Minias attested that they did not access the EEOC Portal between December 9, 2023, and March 27, 2024. If that is indeed the case (and it is confirmed by the EEOC's Portal Log), then Minias and Whitfield had no knowledge that the LCHR was allegedly "investigating"

[1] [Doc. Nos. 102, 108, and 109].
[2] [Doc. No. 110].
[3] [Doc Nos. 104, 111, and 118].

the claim in January 2024. This supports Whitfield's recent declaration, which attested that she had no knowledge that the LCHR was "continuing the process [her] case even after December 2023."[4] Whitfield testified that she never accessed the Portal after December 7, 2023, so she has no personal knowledge that the LCHR uploaded updates to the EEOC Portal,[5] nor could have been "led . . to believe that the investigation was still ongoing and that no final determination had been made."[6] Whitfield insists that she had no personal knowledge of these statements in the July Declaration.[7] Whitfield's deposition testimony, Minias's Stipulation, and the EEOC Portal log support her contention. Therefore, there is no support for Paragraph 21 in her July Declaration in support of equitable tolling: "Based on LCHR's continued updates to the file and the EEOC's failure to clearly notify me of my rights, I did not realize that a Right to Sue Letter had been issued until March 28, 2024 . . ."[8]

Despite three declarations from Minias and his staff, Minias provided no evidence to support his contention that Whitfield reviewed the July Declaration and authorized Minias to sign it. Instead of owning this obvious transgression, Minias continues to burrow into deeper holes by submitting filings and declarations that unnecessarily reveal confidential information in violation of La. R. Prof. Resp. 1.6(a) and 1.9(a)(2), and Fed. R. Evid. 408.[9] Minias's relentless pursuit of

---

[4] [Doc. No. 79-2, ¶ 16].
[5] [Doc. No. 79-2, ¶ 21].
[6] *Id.*
[7] [Doc. No. 104, 104-1].
[8] *Id.*
[9] There is absolutely no reason to disclose the parties' settlement negotiations in Minias's Declaration. [Doc. No. 79-2, ¶ 24]. This also misleads the Court and Whitfield as to whether PA left a settlement offer open following the parties' settlement conference and Minias failed to redact the amount of settlement in Exhibit S. [Doc. No. 110-1, (Ex. S), p. 184-185]. To the contrary, PA never "offered" the settlement again. Minias emailed undersigned counsel to ask if the offer was still open after he informed PA that he intended to withdraw. Undersigned counsel merely asked Minias if he still had authority to negotiate on behalf of Whitfield, which he admitted that he did not, and undersigned counsel informed Minias that she could not engage in any settlement discussions with him. *See* Exhibit A, July 14, 2025 emails between C. Minias and A. Goldman. This is yet another instance of Minias violating his duty of candor to the Court. There is also absolutely no reason to for Minias to disclose his privileged communications with his former client in an unrelated case [Doc. No. 79-2, ¶ 26], and his contentions that her decision proceed without his representation are further undermined by his unauthorized disclosure of Whitfield's June 20, 2025 email wherein she clearly expressed

Whitfield's groundless and untimely claims violate La. R. Prof. Resp. 3.1. His latest declaration reveals his lack of candor toward the Court and the duty of fairness he owes to PA and its counsel. *See* La. R. Prof. Resp. 3.3(a) and 3.4. These latest actions further support the imposition of sanctions against Minias.

**II. Minias vexatiously extended these proceedings for another year in bad faith in violation of 28 U.S.C. § 1927.**

Minias claimed that PA's 28 U.S.C. § 1927 (Section 1927) motion is solely based on Whitfield's pro se filings wherein she claimed that Minias fabricated the July Declaration and affixed her signature without authorization.[10] It appears that Minias either failed to read PA's entire Section 1927 motion or chose to ignore its contents. PA's Section 1927 motion reiterated how Minias's sanctionable conduct – which occurred ***before*** he withdrew – and Whitfield's allegations regarding his ***pre-withdrawal*** conduct violated Rule 11 ***and*** Section 1927.[11] PA asserted no arguments due to Whitfield's pro se filings.

Minias's pre-withdrawal conduct and his Declaration[12] reflect that Minias knowingly pursued frivolous and patently untimely claims to vexatiously extend litigation for ***another year*** after this Court denied PA's first motion for summary judgment. On July 2, 2024, Minias argued that PA's motion for summary judgment was premature because he needed to propound discovery on the EEOC to support his argument for equitable tolling.[13] However, Minias's Declaration attested that he had already propounded discovery on the EEOC by filing a Freedom of Information

---

dissatisfaction with his representation in this case as well as her worker's compensation case against PA. [Doc. No. 110-1, p. 9]. Minias obviously knows how to redact privileged information, as he did so for his other clients in Exhibit M [Doc. No. 110-1, p. 150-157], while failing to observe his duty to protect Whitfield's privilege without her informed consent or to the extent reasonably necessary for purposes of responding to PA's motions. *See* La. R. Prof. Resp. 1.6(a), (b); 1.9(a); [Doc. No. 110-1, p. 9, (Ex. D), p. 143-147 (Ex. J] (failing to redact privileged communications not necessary for the Court's consideration of PA's motions).

[10] [Doc. No. 110, p. 18].

[11] [Doc. No. 109-1].

[12] [Doc. No. 110-1, p. 192-198].

[13] [Doc. No. 13].

Act (FOIA) request on June 17, 2024.[14] Minias attested he received a response from the EEOC on July 8, 2024, after the Court took PA's first motion for summary judgment under submission. He then confirmed with Investigator Kory Fascio that he would not receive any further documents or testimony and "[t]hereore, no additional discovery was needed."[15]

This is news to PA, as Minias failed to produce this EEOC FOIA response despite its discovery requests which ***explicitly*** requested that information.[16] When the Court resuscitated Whitfield's untimely Title VII and ADA claims for the ***sole*** purpose to enable Whitfield to propound discovery to the EEOC, Minias attested that he already conducted that discovery and "no additional discovery was needed."[17]

Federal Rule of Civil Procedure 26 required Minias to disclose this information in response to PA's Request for Production Nos. 6, 17, 25-28.[18] His failure to do so constitutes a violation of Federal Rule of Civil Procedure 37(c) and forced PA to defend these patently untimely claims for another year. Despite Minias's efforts to sidestep his obligations because he withdrew from the case, his actions clearly increased Whitfield's exposure to attorney's fees and costs and vexatiously extended these doomed claims.

PA's Section 1927 motion also addressed Minias's multiple misrepresentations. While Minias deems this as "petty nitpicking," PA's memorandum identified a substantial number of incorrect citations Minias relied on to avoid summary judgment. This sloppiness is part of a larger pattern in this litigation, which is buoyed by the number of confusing errata filings[19] that added

---

[14] [Doc. No. 110-1, p. 195, ¶ 19].
[15] [Doc. No. 110-1, p. 195, ¶ 19].
[16] [Doc. No. 108-2, p. 8-9, 12, 15-16].
[17] [Doc. No. 110-1, p. 195, ¶ 19].
[18] [Doc. No. 108-2, p. 8-9, 12, 15-16].
[19] [Doc. Nos. 74, 116, and 117].

missing citations or corrected citations,[20] a missing exhibit,[21] and a formatting error.[22] The Fifth Circuit has held that sanctions may be appropriate where the Court is "left with the inescapable impression that [Minias's arguments] were so totally without merit and his briefing so sloppily prepared that sanctions may be warranted in this case."[23] Such errors and carelessness continually inconvenienced PA and the Court and Minias's "poor quality of briefing is inexcusable."[24]

### III. Minias cannot escape liability for attorney's fees, costs, and sanctions because he withdrew from the case.

Minias claimed that PA cannot recover attorney's fees and costs from him because he no longer represents Whitfield. Despite citing two distinguishable Tenth Circuit cases,[25] Minias failed to test his contention with courts within this Circuit. In *Miller v. Management & Training Corporation*,[26] the court assessed attorney's fees "jointly and severally" against Miller's attorneys pursuant to Title VII and Section 1988 because the case was "frivolous from its inception" and the EEOC position statement made it clear that Miller, like Whitfield, could not sustain a *prima facie* case of discrimination.[27] Although the court held that Miller should have known he had no factual basis for his lawsuit, his attorneys should have known that there was no legal basis, which Miller, who was not an attorney, was not equipped to determine.[28] Even if Miller's attorneys initially believed the case had merit, they should have ended the litigation once it was apparent that there was "no hope of success."[29] Likewise, Minias bears the "primary responsibility for pursuing these

---

[20] [Doc. No. 74] (approximately 19 citation corrections); [Doc. No. 116] (approximately 21 citation corrections).
[21] [Doc. No. 117].
[22] [Doc. No. 116, p. 8-9] (screenshot of email correspondence was on page 16 and should have bene on page 17).
[23] *Zu Aihung v. Sessions*, 737 F. App'x 226, 227 (5th Cir. 2018) (quoting *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002)).
[24] *Id.* (quoting *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994)).
[25] [Doc. No. 110, p. 8], citing *Martin v. Greisman*, 754 Fed. Appx. 708, 712 (10th Cir. 2018) (citing *Steinert v. Winn Grp.*, 440 F.3d 1214, 1222 (10th Cir. 2006)).
[26] 2021 WL 4437596, *11-12 (S.D. Miss. Sept. 27, 2021).
[27] *Id.* at *11. *See also Rogers v. Kroger Co.*, 586 F. Supp. 597, 602 (S.D. Tex. 1984) (court levied $10,000 in attorney's fees "jointly and severally" against plaintiff and plaintiff's counsel pursuant to 42 U.S.C. § 1988; 2000e-5(k).
[28] *Id.* (quoting *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994)).
[29] *Id.*

meritless claims with such unwarranted zeal and utilizing such vexatious tactics.[30]

Minias also cannot evade Rule 11 sanctions because he withdrew from the litigation. While is he is correct that Rule 11 liability is determined at the moment of filing,[31]

> the district should keep in mind that attorneys that attorneys are the filter upon which courts rely to maintain the integrity of, and our trust in, our judicial process. Most parties do not know what legal ethics apply or what facts give rise to a legitimate claim. Neither sanctions nor a judgment against the client absolve the lawyer.[32]

As Whitfield repeatedly noted in her filings, she relied on Minias for litigation decisions. As an officer of this Court, Minias bore responsibility to maintain the integrity of the judicial process, and he cannot escape sanctions by withdrawing representation.

### IV. PA timely served its Rule 11 motion and filed it after the expiration of the safe harbor period.

Rule 11 does not require a party to file its motion on the 21st day of the safe harbor period; the motion is timely if it is filed after the expiration of the safe harbor period.[33] Minias misrepresents the facts of *Margetis v. Furgeson.*[34] There, the court rejected the plaintiff's safe harbor argument and ***awarded*** the defendant Rule 11 sanctions.[35] The plaintiff argued that the court should have denied the defendants' Rule 11 motion because it was served and filed after the

---

[30] *Id*.
[31] *St. Amant v. Bernard*, 859 F.2d 379 (5th Cir. 1988) (attorney's "March 1987 motion to withdraw cannot protect him his signature on the December 1984 complaint.").
[32] *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010)
[33] *Symbology Innovations LLC v. Valve Corp*, 2025 WL 364075, at *4-5 (E.D. Tex. Jan. 31, 2025), citing *See, e.g., Roberts v. Philadelphia Express Tr.*, 2024 WL 4472372, at *4 (S.D. Ga. Sept. 12, 2024) ("Because there were well over twenty-one days between this service and the filing of the at-issue motion (over a year later), Defendants have complied with Rule 11's only timing requirement ...."); *Teno v. Iwanski*, 464 F. Supp. 3d 924, 937 (E.D. Tenn. 2020) (finding a Rule 11 motion timely where the defendants served the motion 75 days before filing it); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 859 (N.D. Ill. 2015) (finding that a Rule 11 motion filed two-and-a-half years after giving notice of intent to file a Rule 11 motion was reasonable and timely); *see also Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011) ("The 21–day window specified in Rule 11 is a floor, not a ceiling ...."); *Brown v. Tromba*, 2023 WL 5457049, at *2 (D. Nev. Aug. 23, 2023) ("Rule 11 does not contain a requirement that a motion be filed by a particular time.").
[34] 666 Fed. Appx. 328 (5th Cir. 2016).
[35] *Id*. at 332.

magistrate issued a report recommending dismissal.[36] The magistrate recommended dismissal five days before the defendants served their Rule 11 motion, but the district judge did not adopt the magistrate's recommendation until several months later.[37] Minias appears to misinterpret or mislead the Court with *Margetis's* finding, which stated that "[o]ther than setting this outer limit on the timeliness of service, Rule 11 does not specify when a motion for sanctions must be brought."[38] Minias's issues with his client do not give him a free pass on Rule 11 violations. PA's Rule 11 motion was largely directed at Whitfield's Opposition to summary judgment and it served the Rule 11 motion on Whitfield and Minias less than one week after the submission date. PA's Rule 11 motion was well under way by the time Minias informed PA that Whitfield wanted to proceed pro se. Nevertheless, this Court has the power to sanction Minias under Rule 11.

**V. This Court has the inherent power to sanction Minias.**

Despite Minias's contention that he is somehow untouchable because he withdrew from the case after engaging in a slew of sanctionable behavior, this Court possesses the inherent authority to hold Minias responsible for his transgressions, and to protect future parties that may be represented by Minias, as well as future opponents who may encounter Minias in litigation. This authority includes the power to assess attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[39]

The Court's inherent power "is both broader and narrower than other means of imposing sanctions."[40] This Court's "inherent power extends to the full range of litigation abuses' and "must

[36] *Id.* at 331.
[37] *Id.* at 332.
[38] *Id.* at 332, n. 5. citing Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment; *see also Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The drafters of Rule 11 left that question for "resolution on a case-by-case basis, considering the particular circumstances involved." *Id.* (citing Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment).
[39] *Chambers*, *NASCO, Inc.*, 501 U.S. 32, 33 (1991) (cit. om.).
[40] *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Chambers*, 501 U.S. 32).

continue to exist to fill in the interstices."[41] The Court may invoke its inherent power to sanction counsel even if there are other procedural mechanisms to sanction the same conduct, as those rules are not substitutes for the Court's inherent power.[42]

If Rule 11 can address the sanctionable behavior, courts should not invoke their inherent power.[43] "'But if in the informed discretion of the court, neither the statute nor the Rules are up to task, the court may safely rely on its inherent power' to sanction bad faith conduct in the course of litigation."[44]

The evidence – bolstered by Minias's own sworn statements – reflects that he knowingly pursued frivolous and patently untimely claims, and vexatiously extended litigation by pleading that he needed time to conduct discovery on the EEOC when, in reality, his discovery consisted of obtaining an FOIA file that he did not produce.[45] This is clearly bad faith, and "[t]he key to unlocking a court's inherent power is a finding of bad faith."[46]

Rule 11's safe harbor provision assumes that the attorney is still in the case and can withdraw the challenged pleading. PA served its Rule 11 motion which addressed Minias's opposition to PA's second motion for summary judgment, less than one week after the motion was submitted to the Court. However, even if Minias had not withdrawn, he made it clear to undersigned counsel on multiple occasions[47] that he did not intend to withdraw Whitfield's spurious and untimely claims when PA indicated that it would seek Rule 11 sanctions. Therefore,

---

[41] *Id*.
[42] *Id*. at 1314 (quoting *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575 (11th Cir. 1995).
[43] *Id.* (citing Fed. R. Civ. P. 11, advisory committee note of 1993).
[44] *Id*. at 1315 (quoting *Chambers*, 501 U.S. at 50); *see also Shepherd v. Am. Broadcasting Cos.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995) ("[w]hen rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process, the inherent power fills the gap." (citing *Chambers*, 501 U.S. at 46)).
[45] The same FOIA information Defendant submitted with its first motion for summary judgment on 5/30/2024. [Doc. No. 6-2].
[46] *Peer*, 606 F.3d at 1316 (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (cit. om.).
[47] [Doc. No. 108-3, p. 9 ("this case already survived one summary judgment challenge based on the alleged untimely filing beyond the 90-day window, and if it must be refiled, I expect the same result again."); p. 24 " I do want to note that I disagree with your position regarding Ms. Whitfield's ADA and Title VII claims being untimely.")].

Minias's claims of a lack of due process or that the Rule 11 motion are farcical, as "the demands of due process were fulfilled in this case."[48] "Under pertinent Fifth Circuit case law, those circumstances afford a sufficient constitutional hearing."[49] Despite withdrawing from this matter, Minias has been served with these motions and has filed a response and errata sheets defending his actions in this case.[50] PA has also requested that this Court have a hearing on these motions, which will provide Minias with further due process.

Lastly, there is no merit to Minias's claims of good faith that he and Whitfield looked at lots of documents and listened to many recordings before filing suit. There is no amount of paper or recordings that could make Whitfield's claims timely or meritorious, nor allow him to escape the conclusion that he engaged in bad faith. His former client relied on his expertise in filing and pursuing these claims. Minias's "slipshod and unprofessional work" demands sanctions- whether under Rule 11, Section 1927, or this Court's inherent authority.[51] Whitfield's Title VII and ADA claims were untimely, and she could not sustain a *prima facie* burden for her remaining claims. Minias's "spurious arguments do not present a reasonable excuse for his dogged pursuit of these legally insupportable claims."[52] Even if the sum of Minias's sanctionable conduct fell outside the specific prohibitions of Rule 11 and Section 1927 (which it clearly falls within), this Court possesses the inherent authority to hold Minias accountable for bad faith and his willful abuse of the judicial process.

---

[48] *Raines v. City of Starkville*, 1996 WL 33370638, at *11 (N.D. Miss. Mar. 8, 1996) (on six separate occasions, Plaintiff's counsel were warned by opposing counsel that defendants would seek sanctions if Plaintiff did not dismiss the case, and their letters "precisely identified the alleged sanctionable conduct and advised of defendants' intentions to press the sanctions issue to the limit.

[49] *Id.*

[50] [Doc. Nos. 103, 110, 116, 117].

[51] *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 346 (5th Cir. 1990).

[52] *Id*.

**WHEREFORE**, Defendant, respectfully requests that this Court enter an Order granting its Motions for Attorney's Fees and Costs, Rule 11 Sanctions, and Section 1927 Sanctions.

Respectfully submitted on this 14th day of November 2025.

*/s/ Amanda Wingfield Goldman*
**MICHELLE I. ANDERSON**
Louisiana Bar No. 32090
**AMANDA WINGFIELD GOLDMAN**
Louisiana Bar. No. 30800
**FISHER & PHILLIPS LLP**
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Email: manderson@fisherphillips.com
Email: awgoldman@fishersphillips.com

***Attorneys for Pere Antoine, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has this day been served on all counsel of record by electronic filing with the Clerk of this Court and using the CM/ECF System and via e-mail on:

**Jacqueline Whitfield**
**jwnola628@gmail.com**

**&**

**Christopher Minias**
**chris@miniaslaw.com**

*s/ Amanda Wingfield Goldman*
AMANDA WINGFIELD GOLDMAN