UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELINE WHITFIELD** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-806** |
| **PERE ANTOINE, LLC** | **SECTION: "G"** |

### ORDER AND REASONS

Plaintiff Jacqueline Whitfield ("Plaintiff") filed this litigation against her former employer Defendant Pere Antoine, LLC ("Defendant") for alleged employment discrimination[1] On September 19, 2025, this Court entered a Judgment in favor of Defendant.[2] Before the Court are Defendant's post-judgment Motion for Attorney's Fees[3] and Motions for Sanctions.[4] Considering the motions, the oppositions, the reply memoranda, the record, and the applicable law the Court denies the motions.

### I. Background

On March 29, 2024, Plaintiff filed a complaint against Defendant in this Court.[5] Plaintiff, a Caucasian woman, alleged that she suffered reverse racial discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981), disability discrimination pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 120101, *et*

---

[1] See Rec. Doc. 1.

[2] Rec. Doc. 101.

[3] Rec. Doc. 102.

[4] Rec. Doc. 108; Rec. Doc. 109.

[5] Rec. Doc. 1.

*seq*.) ("ADA"), and discrimination in pay pursuant to the Equal Pay Act (29 U.S.C. § 2016(d), *et seq*.).[6]

On May 30, 2024, Defendant filed a Motion for Summary Judgment,[7] which was denied by the Court as premature based on Plaintiff's contention that she needed additional time for discovery to present evidence of alleged technical difficulties accessing the Notice of Right to Sue.[8]

On June 24, 2025, Defendant filed a second Motion for Summary Judgment.[9] On July 11, 2025, Plaintiff filed a Motion to Proceed *Pro Se*,[10] and on July 14, 2025, Plaintiff's attorney, Chris Minias, filed a Motion to Withdraw.[11] On July 22, 2025, the Court granted Defendant's second Motion for Summary Judgment, finding that Plaintiff's claims under Title VII and the ADA were untimely.[12]

On August 5, 2025, Defendants filed a third Motion for Summary Judgment as to Plaintiff's remaining claim under Section 1981.[13] On August 5, 2025, *pro se* Plaintiff filed a response indicating that she does not oppose Defendant's third Motion for Summary Judgment.[14] On

---

[6] *Id.* at 10–11.

[7] Rec. Doc. 6.

[8] Rec. Doc. 17.

[9] Rec. Doc. 66.

[10] Rec. Doc. 84.

[11] Rec. Doc. 85.

[12] Rec. Doc. 96.

[13] Rec. Doc. 97.

[14] Rec. Doc. 99.

September 19, 2025, the Court granted Defendant's third Motion for Summary Judgment.[15] On September 19, 2025, this Court entered a final Judgment in favor of Defendant.[16]

On October 3, 2025, Defendant filed the instant Motion for Attorney's Fees.[17] On October 20, 2025, *pro se* Plaintiff filed an opposition to the motion.[18] On October 28, 2025, Defendant filed two Motions for Sanctions against Chris Minias.[19] On November 4, 2025, Chris Minias filed an opposition, addressing the Motion for Attorney's Fees and Motions for Sanctions.[20] On November 14, 2025, Defendant filed a reply memorandum in further support of its Motion for Attorney's Fees and Motions for Sanctions.[21] On November 21, 2025, Chris Minias filed a sur-reply to the motions.[22]

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion for Attorney's Fees*

Defendant seeks attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rules 7.1 and 54.2, 42 U.S.C. §§ 2000e-5(k), 12205, and 1988(b), against Plaintiff and her former counsel, Minias, jointly and severally.[23] Defendants contend that at the outset of this case it was clear that Plaintiff's claims under Title VII and the ADA were time-barred.[24] While this Court denied Defendant's first motion for summary judgment based on Plaintiff's claims of

---

[15] Rec. Doc. 100.

[16] Rec. Doc. 101.

[17] Rec. Doc. 102.

[18] Rec. Doc. 104.

[19] Rec. Doc. 108; Rec. Doc. 109.

[20] Rec. Doc. 110.

[21] Rec. Doc. 119.

[22] Rec. Doc. 122.

[23] Rec. Doc. 102.

[24] Rec. Doc. 102-1 at 2.

3

technical issues accessing the portal to view the Notice of Right to Sue letter, Defendant contends that Plaintiff conducted no discovery with the EEOC or the Louisiana Commission on Human Rights to prove this allegation.[25] Defendant argues there have been inconsistencies with Plaintiff's sworn declarations and deposition testimony.[26] Defendants contend that the EEOC portal documentary evidence reflects that neither Plaintiff or her counsel logged into the portal between December 9, 2023 and March 27, 2024, which makes Plaintiff's prior position that she believed the Louisiana Commission on Human Rights ("LCHR") was investigating the charge false.[27]

Defendant avers that, as the prevailing party, it is entitled to attorney's fees and costs because Plaintiff's claims were frivolous, unreasonable, and without foundation as a matter of law.[28] Defendant contends that Plaintiff's claims were time-barred from the outset.[29] Defendant argues that even assuming Plaintiff's suit was timely, Plaintiff could not meet her *prima facie* burden for the Title VII, Section 1981, and ADA claims.[30] Alternatively, Defendant argues that attorney's fees are justified by Plaintiff's continued pursuit of litigation after her deposition, at which time Defendant states it became clear that her claims were untimely and frivolous.[31]

Defendant asserts that an award of $155,483.50 in attorneys' fees is proper.[32] Defendant contends that this case involved full written and deposition discovery, and a trip to Ohio to depose Plaintiff due to Plaintiff's refusal to be deposed in New Orleans.[33] Defendant avers that the

---

[25] *Id.*

[26] *Id.* at 3 – 4.

[27] *Id.* at 5.

[28] *Id.* at 6.

[29] *Id.* at 9.

[30] *Id.* at 10.

[31] *Id.* at 12.

[32] *Id.* at 13.

[33] *Id.* at 15.

attorneys charged a reasonable rate, given their 15+ years of experience.[34] Defendant requests that the Court award fees from the date of filing, or alternatively, from the date of Plaintiff's deposition.[35]

### B.    *Plaintiff's Arguments in Opposition to the Motion for Attorney's Fees*

In opposition, *pro se* Plaintiff contends that up until July 21, 2025, the filings were prepared and signed by Plaintiff's former counsel.[36] Plaintiff avers that the contested discovery choices, briefing volume, and alleged duplication stem entirely from Plaintiff's former counsel's litigation management.[37] Plaintiff states that her "Notice of Limited Position" filed in response to Defendant's third motion for summary judgment was not an admission of frivolity, and it cannot convert the former counsel's choices into Plaintiff's bad faith.[38] Plaintiff explains that she declined Defendant's previously proposed settlement because she had lost confidence in her former counsel's handling of the case.[39]

Plaintiff argues that any fees attributable to her former counsel's conduct are not chargeable to Plaintiff.[40] Plaintiff states that the Supreme Court has held that sanctions or fees may be imposed directly on an attorney whose conduct multiplies proceedings unreasonably, but that clients may not be penalized for acts they did not authorize or control.[41] Plaintiff avers that nothing in this record supports a finding that Plaintiff herself acted frivolously or in bad faith.[42]

---

[34] *Id.* at 16.

[35] *Id.* at 17.

[36] Rec. Doc. 104 at 2.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

Plaintiff states that the July 1, 2025 declaration was not signed by her.[43] Plaintiff explains that she never saw, authorized, or executed the document identified as Plaintiff's Exhibit H attached to the opposition to Defendant's first motion for summary judgment.[44] Plaintiff contends that statements made by Plaintiff's counsel that the parties were "actively monitoring the EEOC matter" were untrue.[45]

Plaintiff argues that the fees claimed by Defendant are excessive and unsupported.[46] Plaintiff contends that all fees incurred while Plaintiff was represented by counsel should be excluded.[47] Plaintiff avers that Defendant has not met the stringent standard to show entitlement to attorney's fees.[48]

C.   *Defendant's Arguments in Support of the First Motion for Sanctions*

Defendant moves for sanctions against Minias under Federal Rule of Civil Procedure 11.[49] Defendant contends that Minias failed to dismiss Plaintiff's untimely Title VII and ADA claims.[50] Defendant avers that Minias and Plaintiff admitted under oath that they did not exercise due diligence for more than three months to access the December 7, 2023 Notice of Right to Sue.[51] Defendant avers that Minias should be sanctioned for knowingly and frivolously continuing to pursue claims outside of the applicable statute of limitations.[52]

---

[43] *Id.* at 3.

[44] *Id.*

[45] *Id.* at 3–4.

[46] *Id.* at 4.

[47] *Id.*

[48] *Id.*

[49] Rec. Doc. 108.

[50] Rec. Doc. 108-1 at 10.

[51] *Id.*

[52] *Id.* at 11.

Defendant avers that Plaintiff's July 1, 2025 declaration is contrary to her deposition testimony and her discovery responses.[53] Defendant contends that Minias failed to dismiss the claims for sex discrimination, harassment and retaliation despite Plaintiff's failure to exhaust administrative remedies.[54]

### D.   *Defendant's Arguments in Support of the Second Motion for Sanctions*

Defendant moves for sanctions against *pro se* Plaintiff and Minias pursuant to Federal Rule of Civil Procedure 56 and 28 U.S.C. § 1927.[55] Defendant references the following alleged sanctionable conduct by Minias: (1) filing multiple pleading and motions containing unsupportable claims; (2) Plaintiff's sworn testimony and Minias's stipulation make it clear that they knew Plaintiff's Title VII and ADA claims were untimely from inception; (3) Plaintiff and Minias refused to dismiss the untimely and unexhausted frivolous claims under Title VII and the ADA; and (4) the uncontroverted evidence reveals that Plaintiff failed to exhaust her administrative remedies for claims for sex discrimination, harassment, and retaliation, and there was no basis for the failure to accommodate claim.[56] Prior to Minias's withdrawal from the case, Defendant alleges he committed the following sanctionable conduct: (1) Minias had knowledge that he missed the 90-day deadline to file Plaintiff's claims which resulted in unnecessary and protracted litigation; (2) Minias prolonged and sought an extension of discovery to reach a settlement; (3) Minias fabricated and filed the declaration of Plaintiff which was not reviewed, signed, or authorized by Plaintiff; (4) discovery choices resulting from Minias's litigation management; and (5) Minias's

---

[53] *Id.* at 12.

[54] *Id.* at 13.

[55] Rec. Doc. 109.

[56] Rec. Doc. 109-1 at 5.

7

attempted *ex parte* communication with the Court.[57] Defendant contends that Section 1927 authorizes shifting fees from Plaintiff to Minias that are associated with the persistent prosecution of a meritless claim.[58]

Defendant avers that Minias unreasonably and vexatiously multiplied the proceedings, which warrants Section 1927 sanctions.[59] In light of Plaintiff's assertion that Minias fabricated a declaration on her behalf, Defendant contends that Section 1927 provides that fees may be shifted to Minias.[60]

### E.  *Minias's Arguments in Opposition to the Motion for Attorney's Fees and Sanctions*

In opposition, Minias contends that all actions taken in this case were made in good faith and in reliance on communications and representations made by Plaintiff.[61] Minias avers that the declarations submitted herein were prepared with Plaintiff present.[62]

Minias states that the Motion for Attorney's Fees was not served upon him, nor is he named in the motion.[63] Minias contends that Defendant fails to explain how due process could be satisfied in seeking relief against an individual who is neither a party nor counsel of record.[64] Minias avers that Defendant sets forth no legal basis for seeking attorney's fees against an attorney.[65]

---

[57] *Id.* at 6.

[58] *Id.* at 7.

[59] *Id.*

[60] *Id.*

[61] Rec. Doc. 110 at 6.

[62] *Id.*

[63] *Id.* at 7.

[64] *Id.* at 8.

[65] *Id.*

Minias argues that Plaintiff's claim under Section 1981 was voluntarily dismissed by Plaintiff.[66] Minias contends that Plaintiff's claims were not frivolous and did have foundation.[67] Minias contends that Defendant filed the Rule 11 motion for sanctions more than three months after Minias was withdrawn from the case and the granting of summary judgment.[68]

Minias contends that the merits show no violation of Rule 11(b).[69] According to Minias, Plaintiff's equitable tolling argument was supported.[70] Minias contends that Plaintiff's deposition testimony aligns with the allegations set out in the Complaint.[71]

As it relates to Defendant's motion for sanctions based on 28 U.S.C. § 1927, Minias argues that he had Plaintiff's authority to file the July 1, 2025 declaration, which did not extend litigation.[72] Minias explains that he reviewed the July 1, 2025 declaration with Plaintiff, and the declaration was sent to Plaintiff via MyCase client portal.[73] Minias also disputes the reasonableness of the attorney's fees asserted by Defendant.[74]

### F.  Defendant's Arguments in Further Support of its Motions for Sanctions and Attorneys' Fees

Defendant reiterates that Minias's submission of the July 1, 2025 Whitfield Declaration warrants sanctions.[75] Defendant contends that regardless of whether Plaintiff authorized Minias to affix her signature on the declaration, the declaration was clearly contradicted by Plaintiff's sworn

---

[66] *Id.* at 10.
[67] *Id.*
[68] *Id.* at 12–13.
[69] *Id.* at 14.
[70] *Id.* at 15.
[71] *Id.* at 17.
[72] *Id.* at 19.
[73] *Id.* at 20.
[74] *Id.* at 21.
[75] Rec. Doc. 119 at 1.

testimony, Minias's stipulation, and the records from the EEOC.[76] Defendant avers that, based on several inconsistencies, there is no factual support for the July 1, 2025 Declaration.[77]

Defendant reargues that Minias vexatiously extended these proceedings for another year in bad faith in violation of 28 U.S.C. § 1927.[78] Defendant points out several alleged misrepresentations throughout litigation.[79] Defendant avers that Minias's errors and carelessness continually inconvenienced Defendant and the Court.[80]

Defendant asserts that Minias cannot escape liability for attorneys' fees, costs, and sanctions because he withdrew from the case.[81] Defendant states that it timely served its Motion for Sanctions pursuant to Rule 11, after the expiration of the safe harbor period.[82] According to Defendant, this Court has the inherent power to sanction Minias.[83] Defendant alleges that due process was fulfilled in this case.[84] Defendant requests that the Court hold a hearing on the pending motions.[85]

According to Defendant, there is no merit to Minias's claims of good faith.[86] Defendant avers that this Court has the inherent authority to hold Minias accountable for bad faith and his willful abuse of the judicial process.[87]

---

[76] *Id.*

[77] *Id.* at 2.

[78] *Id.* at 3.

[79] *Id.* at 3–4.

[80] *Id.* at 5.

[81] *Id.*

[82] *Id.* at 6.

[83] *Id.* at 7.

[84] *Id.* at 8.

[85] *Id.* at 9.

[86] *Id.*

[87] *Id.*

### G.     *Minias's Sur-Reply in Further Opposition to the Motions*

Minias denies the allegations of making misrepresentations in the July 1, 2025 declaration.[88] Minias contends that the July 1, 2025 declaration was reviewed and submitted in good faith, and the declaration does not support sanctions under Rule 11 or 28 U.S.C. § 1927.[89] Minias avers that Defendant has not proven its burden of showing by clear and convincing evidence that every facet of the litigation was patently meritless.[90] Minias asserts that the Motion for Sanctions should be denied.[91] Minias argues that Fifth Circuit precedent rejects Defendant's argument that attorneys' fees may be recoverable under such statutes against opposing counsel.[92] Minias contends that Defendant cannot rely on the Court's inherent authority to overcome its own procedural defects in seeking fees from counsel.[93]

### III. Legal Standard

### A.     *Attorneys' Fees*

According to Federal Rule of Civil Procedure 54(C)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), provides, "[i]n any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs." The award of attorneys' fees, nevertheless, rests within the discretion of the

---

[88] Rec. Doc. 122 at 1–2.

[89] *Id.* at 3.

[90] *Id.*

[91] *Id.*

[92] *Id.* at 8.

[93] *Id.* at 10.

district court.[94] The standard for awarding attorney fees and costs to a prevailing Title VII plaintiff is different than that for awarding fees and costs to a prevailing defendant.[95] A district court may in its discretion award attorney's fees and costs to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[96]

*B.     Sanctions*

Title 28, United States Code, Section 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both "unreasonable" *and* "vexatious."[97] This requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the Court.[98]

In addition to 28 U.S.C. § 1927, a court may also enter sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides that when an attorney or unrepresented party submits a pleading to the Court, that person certifies that any representations made to the Court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support.[99] The district court may impose appropriate

---

[94] 42 U.S.C. § 2000e–5(k).

[95] *Tai Van Le v. University of Pennsylvania,* 321 F.3d 403, 411 (3d Cir. 2003).

[96] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657 (1978); *see also EEOC v. L.B. Foster Company*, 123 F.3d 746, 751 (3d Cir. 1997).

[97] *See Travelers Ins. Co. v. St. Jude Hosp., Inc.,* 38 F.3d 1414, 1416–17 (5th Cir.1994).

[98] *See id.; Baulch v. Johns,* 70 F.3d 813, 817 (5th Cir.1995).

[99] Fed. R. Civ. Pro. 11(b).

sanctions, including attorneys' fees and costs, where a pleading has been filed in violation of Rule 11.[100] A district court's decision to deny Rule 11 sanctions is reviewed for abuse of discretion, which "only occurs where no reasonable person could take the view adopted by the trial court."[101]

## VI. Analysis

### A. *Attorneys' Fees*

Defendant argues it is entitled to attorneys' fees because Plaintiff's claims were frivolous, unreasonable, and without foundation as a matter of law. Defendant contends that at the outset of this case it was clear that Plaintiff's claims under Title VII and the ADA were time-barred.

Defendant has not met the demanding standard required to recover attorneys' fees as a prevailing party. Although Plaintiff's claims were ultimately dismissed on summary judgment, dismissal alone does not render an action frivolous or unreasonable. The timeliness issue raised by Defendant was not so clear-cut as to establish that Plaintiff's claims were wholly without foundation from their inception. Plaintiff's claims against Defendant were weak with little chance of success, rather than frivolous with no chance of success.[102] The Court finds no evidence that Plaintiff pursued this litigation in bad faith or for an improper purpose. Accordingly, Defendant's request for attorneys' fees is denied.

### B. *Sanctions*

As it relates to Defendant's Motion for Sanctions pursuant to Rule 11, Defendant failed to demonstrate compliance with Rule 11's mandatory safe-harbor provision, which requires that a motion for sanctions be served on the opposing party at least twenty-one days before filing with

---

[100] Fed. R. Civ. P. 11(c).

[101] *Bergquist v. FyBX Corp.,* 108 F. App'x 903, 904 (5th Cir.2004).

[102] *See Khan v. Gallitano,* 180 F.3d 829, 837 (7th Cir. 1999).

the Court.[103] Minias states that he was not served with the Rule 11 Motion for Sanctions. Defendant filed its motion only after judgment was rendered, depriving Plaintiff and former counsel of any opportunity to withdraw or correct the challenged conduct.[104] Defendant offers no justification for failing to adhere to the requirements of the safe-harbor provision. Further, Defendant has not established that any filing was objectively unreasonable at the time it was made. The record does not support a finding that Plaintiff or her former counsel knowingly advanced frivolous claims or made factual representations without evidentiary support.

Defendant's request for sanctions under Section 1927 likewise fails. Plaintiff's former counsel withdrew from the matter months before judgment was entered and before the filing of the instant motion and did not unreasonably or vexatiously multiply the proceedings. Disagreement with counsel's legal position—particularly regarding timeliness—does not amount to bad faith. Moreover, Section 1927 applies only to attorneys, not parties, and Defendant has failed to demonstrate conduct rising to the level required for sanctions under the statute.

Defendant's reliance on an allegedly unverified declaration does not warrant sanctions. Defendant has not shown that the declaration was submitted in bad faith, was materially false, or intended to mislead the Court. Defendant also seeks sanctions based on Minias's attempt to contact the Court by telephone. Minias attempted to call chambers, but Court staff advised him that the Court does not engage in ex parte communications. The communication at issue was not substantive in nature and did not concern the merits of the case. Moreover, the matter was previously disclosed to defense counsel, and the Court reminded all counsel of its policy that any questions be sent to the Court's email address, with all counsel of record copied. Having already

---

[103] Fed. R. Civ. P. 11(c)(2).

[104] *See Elliot v. Tilton,* 64 F.3d 213, 216 (5th Cir. 1995).

considered the issue, the Court determined that the communication did not prejudice Defendant, did not confer any procedural or substantive advantage, and did not warrant corrective action.

### V. Conclusion

Defendant has failed to establish that Plaintiff's claims were frivolous, that Plaintiff or her former counsel acted in bad faith, or that sanctions are warranted under Rule 11 or 28 U.S.C. § 927.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys Fees and Motions for Sanctions are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of February, 2026.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**