**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JACQUELINE WHITFIELD**                          **CIVIL ACTION**

**VERSUS**                                        **CASE NO. 24-806**

**PERE ANTOINE, LLC**                             **SECTION: "G"**

## ORDER AND REASONS

Before the Court is Plaintiff Jacqueline Whitfield's ("Plaintiff") Motion for Review of Clerk's Taxation of Costs.[1] Plaintiff filed this litigation against her former employer Defendant Pere Antoine, LLC ("Defendant") for alleged employment discrimination.[2] On September 19, 2025, this Court granted Defendant's motion for summary judgment[3] and entered a Judgment in favor of Defendant.[4] On January 5, 2026, the Clerk of Court issued a Bill of Costs, taxing costs against Plaintiff in the total amount of $4,432.02.[5] On January 8, 2026, Plaintiff filed the instant motion.[6] On January 26, 2026, Defendant filed an opposition to the motion.[7] On January 27, 2026, Plaintiff filed a reply brief in further support of the motion.[8]

In the motion, Plaintiff does not specifically challenge any individual category of costs

---

[1] Rec. Doc. 124.

[2] *See* Rec. Doc. 1.

[3] Rec. Doc. 100.

[4] Rec. Doc. 101.

[5] Rec. Doc. 123.

[6] Rec. Doc. 124.

[7] Rec. Doc. 126.

[8] Rec. Doc. 127.

taxed by the Clerk. Instead, Plaintiff argues that taxation of costs should not be treated as final because dispositive post-judgment matters remained pending at the time the Clerk issued the taxation of costs.[9] At the time Plaintiff filed the instant motion, a motion for attorney's fees and a motion for sanctions were pending before the Court. On February 3, 2026, the Court denied both the motion for attorney's fees and the motion for sanctions.[10]

According to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Clerk may tax costs on 14 days notice, and "[o]n motion served within the next 7 days, the court may review the clerk's action."[11]

The Court is not persuaded that the pendency of collateral post-judgment motions warrants suspension of the Clerk's taxation of costs. Motions for attorney's fees and sanctions are generally considered "collateral to the merits" and do not deprive the judgment of finality.[12] Further, Plaintiff has not identified any authority suggesting that the Clerk lacked authority to tax costs while such motions remained pending. Nor has Plaintiff challenged the reasonableness of recoverability of any particular cost awarded by the Clerk. For these reasons, Plaintiff has not demonstrated that the Clerk's taxation of costs should be disturbed.

Accordingly,

---

[9] Rec. Doc. 124.

[10] Rec. Doc. 128.

[11] Fed. R. Civ. P. 54(d)(1).

[12] *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002). *See also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.,* 571 U.S. 177, 179 (2014) (citing *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196 (1988)). ("[A] decision on the merits is a 'final decision' under § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined.").

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Review of Clerk's Taxation of Costs[13] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  28th  day of May, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[13] Rec. Doc. 124.